UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBIN M. KLINE,                  )
                             )
        Plaintiff,        )
                             )     No. 26 C 418
       v.                )
                             )     Judge Sara L. Ellis
SEMI FLEET, INC.,        )
                             )
        Defendant.     )

**OPINION AND ORDER**

After Plaintiff Robin M. Kline and Peter Xintaras, an employee of Defendant Semi Fleet, Inc. ("Semi Fleet"), collided in their motor vehicles at a truck stop in Maryland, Kline filed this lawsuit. Kline alleges that Semi Fleet negligently retained Xintaras and that Xintaras negligently operated Semi Fleet's tractor trailer, causing the collision and Kline's resulting injuries. Semi Fleet now moves to transfer venue to the U.S. District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a). But because the Court finds that transfer would substantially inconvenience Kline, Semi Fleet, and most non-party witnesses, the Court denies Semi Fleet's motion to transfer.

**BACKGROUND**

Kline is a citizen of Gary, Indiana. Semi Fleet is incorporated in Illinois and maintains its principal place of business in Chicago, Illinois. Semi Fleet employed or retained Xintaras, who resides in Norridge, Illinois, as a driver.[1]

On October 8, 2024, Kline sustained injuries after Xintaras, operating Semi Fleet's tractor trailer, collided with Kline's motor vehicle at a truck stop in Hagerstown, Maryland.

---

[1] Semi Fleet initially stated that Xintaras lives in York, Pennsylvania, Doc. 20 at 6, but later clarified that he lives in Norridge, Illinois, Doc. 24 at 1. The Court appreciates Semi Fleet's correction and candor.

Although no eyewitnesses observed the collision, a responding police officer saw the aftermath of the collision, took statements from both Kline and Xintaras, and filed a half-page report. Kline then returned to Indiana, where she sought medical treatment. As a result of the collision, she incurred medical expenses and suffered mental and physical pain, a loss of earnings and earnings capacity, disfigurement and deformity, fright, humiliation, and mental anguish.

**ANALYSIS**

Section 1404(a) provides that the Court may transfer venue to another district "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). To succeed on its motion to transfer the case under § 1404(a), Semi Fleet must demonstrate that "(1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and the witnesses; and (4) transfer would serve the interest of justice." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 856 (N.D. Ill. 2007). Semi Fleet bears the burden of demonstrating that transfer is "clearly more convenient." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986)). The Court has discretion over the transfer decision because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

The parties do not dispute that venue is proper in this district and in the District of Maryland. The Court therefore turns to whether transfer would serve the convenience of the parties and witnesses and be in the interest of justice.

**I.      Convenience of the Parties and Witnesses**

In evaluating the convenience of the parties and witnesses, the court considers (1) Kline's choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the

2

convenience of the parties in litigating in the respective forums, and (5) the convenience of the witnesses. *Sojka v. Directbuy, Inc.*, No. 12 C 9809, 2014 WL 1089072, at *2 (N.D. Ill. Mar. 18, 2014).

### A.      Kline's Choice of Forum and the Situs of Material Events

The Court first finds that Kline's choice of forum is not entitled to significant deference. While courts typically give a plaintiff's choice of forum substantial deference, the deference diminishes "when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events." *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007); *see also Hill-Jackson v. FAF, Inc.*, No. 10 C 364, 2010 WL 3403882, at *2 (N.D. Ill. Aug. 25, 2010) (noting that "when the liability forming-conduct occurred outside the selected forum," such as the actual car crash, "the plaintiff's preference has minimal value" (internal quotation marks omitted)).  Because the collision occurred in Maryland and not within the Northern District of Illinois, this Court's deference to Kline choice of forum lessens.  Additionally, the deference diminishes because Kline's home forum is Indiana.  *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999) (noting that if the "plaintiff's chosen forum is not the plaintiff's home forum . . . the plaintiff's chosen forum is entitled to less deference"); *First Horizon Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 04 C 2728, 2004 WL 1921059, at *3 (N.D. Ill. July 21, 2004) ("[B]ecause the Northern District of Illinois is not the Plaintiff's home forum, and because Plaintiff does not have meaningful contacts within the state of Illinois, Plaintiff's choice of forum is entitled to less deference.").  Given these two facts that point away from the Northern District of Illinois, the second factor weighs in favor of transfer.

3

### B.     Sources of Proof

Ease of access to documents does not traditionally weigh heavily either way.  *See Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 840 (N. D. Ill. 2009) ("In this day and age, transferring documents from one district to another is commonplace and, given the widespread use of digital imaging in big-case litigation, no more costly than transferring them across town.").  Semi Fleet generally asserts that "the relevant evidence as to liability is where the accident occurred."  Doc. 20 at 5.  But Semi Fleet has not identified any specific evidence that would be more accessible if the litigation took place in Maryland, nor has it asserted a need to visit the accident scene at trial.  Further, Kline contends that the vehicles involved in the collision have since left Maryland and that her damages evidence is located in Northwest Indiana, where she resides and sought medical treatment.  Doc. 22 at 3–5.  This factor is neutral. *See Culbertson v. Broviak*, No. 05 CV 404, 2005 WL 8173715, at *1 (S.D. Ill. Aug. 5, 2005) (stating that "there is no indication that the Court would authorize a site visit to the accident scene" and emphasizing that most of the plaintiffs' treatment took place closer to the courthouse in which the plaintiffs originally filed their lawsuit when analyzing the sources of proof factor).

### C.     Convenience of the Parties

In evaluating the convenience of the parties, the Court considers the parties' residences and their ability to bear the expense of litigating in each forum.  *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).  "Transfer is not appropriate simply to shift the inconvenience from the defendants to the plaintiff."  *Ballotti v. Oppenheimer Funds, Inc.*, No. 10 C 50116, 2011 WL 13382871, at *4 (N.D. Ill. Feb. 23, 2011).  Here, the Court finds that litigating in this district is more convenient for the parties.  Semi Fleet is incorporated in Illinois and maintains its headquarters in Chicago, and Xintaras lives within the district.

4

Although technically outside the district, Kline resides only thirty miles away from the courthouse, in Northwest Indiana. Semi Fleet argues that Chicago's heavy traffic and congestion make Kline's thirty-mile drive inconvenient, but the Court assumes this drive is more convenient for her than a much longer drive or flight to Maryland. This factor, therefore, weighs against transfer.

### D. Convenience of the Witnesses

The Court lastly turns to the convenience of witnesses, "often viewed as the most important factor in the transfer balance." *Brandon Apparel Grp., Inc.*, 42 F. Supp. 2d at 834 (quoting *Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989)). The Court considers not just the number of witnesses located in each forum but also the nature, quality, and importance of their testimony. *Id.* The Court gives less weight to the convenience of party witnesses, whom the Court presumes would appear voluntarily at trial in either district. *See AL & PO Corp. v. Am. Healthcare Capital, Inc.*, No. 14 C 1905, 2015 WL 738694, at *4 (N.D. Ill. Feb 19, 2015) ("[T]he convenience of witnesses who are within a party's control, such as a party's employees, is far less important than the convenience of non-party witnesses."). "In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case." *Kjaer Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 932 (N.D. Ill. 2017).

In this case, the party witnesses—Xintaras and Kline—live within or near the district, as discussed above. And Semi Fleet only identifies one non-party witness relevant to the case: the responding police officer from the Washington County Sheriff's Office in Hagerstown, Maryland. But "[o]ne non-party witness located in a proposed transferee district is not enough to affect the balance in favor of transfer." *Gueorguiev*, 526 F. Supp. 2d at 859. Further, the parties have already deposed this witness. Doc. 25 at 1. At his deposition, the responding officer

confirmed that no known eyewitnesses to the collision exist. *Id.* And Kline contends that all her medical witnesses and lay damages witnesses reside in Northwest Indiana, where Kline sought treatment and resides, which is closer to the Northern District of Illinois than the District of Maryland. Accordingly, the Court finds that this factor weighs against transfer. *See Diver v. Wis. Express*, No. 86 C 586, 1986 WL 6403, at *2 (N.D. Ill. June 5, 1986) (finding the convenience of witnesses factor weighs against transfer where no witnesses observed the accident, other than the two drivers, and where the plaintiff received "the great majority of his medical care, involving several physicians," in the Northern District of Illinois).

## II.     Interest of Justice

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Courts consider factors such as the likelihood of a speedy trial, each court's familiarity with the applicable law, the desirability of resolving controversies in each locale, and the relationship of each community to the controversy. *Id.*; *see also Coffey*, 796 F.2d at 220.

Only an insignificant difference exists in the median time between filing and disposition of cases for this district (6.2 months) and the District of Maryland (6.7 months), but a more sizeable difference exists in the median time between filing to trial (52.5 months and 37.6 months, respectively). *See* https://www.uscourts.gov/sites/default/files/document/fcms_na distprofile1231.2025.pdf. This factor favors transfer.

To the extent Maryland law applies, this factor is neutral because "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 67 (2013). And while Maryland has an interest

6

in and relationship to the litigation as the collision location, *see Haag v. Minn. Logistic, LLC*, No. 25 C 00406, 2025 WL 868660, at *4 (N.D. Ill. Mar. 19, 2025) (discussing the "desirability of litigating cases close to where the facts at issue were developed"), neither party asserts that the collision affected any Maryland residents, nor that a view of the collision scene will be necessary to their case at trial, *see Diver*, 1986 WL 6403, at *2 (finding that the interests of justice do not warrant transfer because, among other things, the parties did not contend that viewing the accident scene was necessary). This factor, therefore, also is neutral.

In sum, the parties agree that venue is proper both here and in the District of Maryland, the situs of materials events occurred in Maryland, the convenience of the parties and witnesses strongly disfavors transfer, and the interests of justice slightly favor transfer. On balance, the Court finds that Semi Fleet has not sustained its burden of proving that the District of Maryland is clearly more convenient than this district. Accordingly, the Court declines to transfer this case to the District of Maryland.

**CONCLUSION**

For the foregoing reasons, the Court denies Semi Fleet's motion to transfer [20].

Dated: July 17, 2026

SARA L. ELLIS
United States District Judge

7
